IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:17-cr-315-B |
| ALEXIS C. NORMAN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING**
**PRO SE MOTION FOR APPOINTMENT OF NEW COUNSEL**

Defendant Alexis C. Norman has been charged with Conspiracy to Commit
Health Care Fraud in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1347); Health Care
Fraud, Aiding and Abetting Health Care Fraud, and Committing an Offense While on
Release in violation of 18 U.S.C. §§ 1347, 2, and 3147; Health Care Fraud and Aiding
and Abetting Health Care Fraud in violation of 18 U.S.C. §§ 1347 and 2; and
Aggravated Identity Theft and Aiding and Abetting in violation of 18 U.S.C. §§
1028A(a)(1) and 2 in a superseding indictment filed in this district. *See* Dkt. No. 27.
She is set for trial on June 4, 2018. *See* Dkt. No. 30.

The Court appointed the D. Robin McCarty to represent Ms. Norman in this
case. *See* Dkt. No. 11. Ms. Norman has now filed a pro se Motion for Appointment of
New Counsel, *see* Dkt. No. 31, which United States District Judge Jane J. Boyle has
referred to the undersigned United States magistrate judge for determination under
28 U.S.C. § 636(b), *see* Dkt. No. 32.

The Court held a hearing on the motion on May 17, 2018, at which Ms. Norman

and Mr. McCarty and counsel for the government appeared. *See* Dkt. No. 33.

Following the hearing, the Court, for the reasons explained on the record, the Court GRANTS the Motion for Appointment of New Counsel [Dkt. No. 31].

**Legal Standards**

As a general matter, "[a]n attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir.1989). The withdrawing attorney bears the burden of specifying and proving the existence of good cause for withdrawal. *See United States v. Austin*, 812 F.3d 453, 456 (5th Cir. 2016) (citing *United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996); *Wynn*, 889 F.3d at 646). A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case. *See Wild*, 92 F.3d at 307 ("When filing a motion to withdraw, an attorney should provide a detailed explanation of the reasons why he believes that 'good cause' exists for him to withdraw as counsel. .... The trial court has the discretion to require specific reasons before granting such a motion."). "The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court." *United States v. Conlan*, 786 F.3d 380, 390 (5th Cir. 2015) (internal quotation marks omitted).

Unless there is a demonstrated conflict of interest, or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it results in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion to withdraw. *See Wild*, 92 F.3d at 307. "If a district court is not

persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw." *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (citations omitted). "Even where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Id.* at *3 (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981)). "This requires the court to consider certain additional factors before allowing an attorney to withdraw. Those additional factors include: (1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take – and the financial burden it would impose on – the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *Id.* (citations omitted).

With regard to a defendant's request for appointment of substitute counsel, "[a]lthough an indigent defendant has a Sixth Amendment right to be represented by counsel in his criminal proceedings, he is not entitled to demand a different appointed counsel in the absence of showing good cause." *United States v. Contreras*, 558 F. App'x 400, 401 (5th Cir. 2014); *see also United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973) ("Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause. Unless a Sixth Amendment

violation is shown, whether to appoint a different lawyer for an indigent criminal defendant who expresses dissatisfaction with his court-appointed counsel is a matter committed to the sound discretion of the district court." (citation omitted)); *cf.* 18 U.S.C. § 3006A(c) ("The United States magistrate judge or the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings."). "[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006).

In the context of appointed counsel, the Court "is constitutionally required to provide substitute counsel only if there is a substantial conflict or problem affecting the ability to represent the defendant," that is, a showing of conflict of interest, a complete breakdown in communication, or an irreconcilable conflict. *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013). A communication breakdown caused by a defendant's unwillingness to cooperate or communicate with her attorney generally does not justify appointment of new counsel. *See, e.g.*, *United States v. Simpson*, 645 F.3d 300, 307-08 (5th Cir. 2011). Neither is appointment of new counsel generally required where counsel continues to meet and communicate with a defendant whose complaints relate mainly to disagreement with counsel's trial strategy or who might, if she were an attorney or representing herself, prepare and try the case differently. *See, e.g.*, *United States v. Romans*, 823 F.3d 299, 312-13 (5th Cir. 2016); *United States v. Hernandez*, 502 F. App'x 363, 367 (5th Cir. 2012). As the United States Court of Appeals for the Fifth Circuit has explained,

> [a] defendant is entitled to counsel capable of rendering competent,

meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty. A defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case. A defendant is entitled to an attorney who will consider the defendant's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics. A defendant is entitled to appointment of an attorney with whom he can communicate reasonably, but has no right to an attorney who will docilely do as he is told. Every defendant is entitled to the assistance of counsel dedicated to the proposition, and capable of assuring that, the prosecution's case shall be presented in conformity with the Constitution, rules of evidence and all other controlling rules and practices. No defendant has a right to more.

*United States v. Moore*, 706 F.2d 538, 540 (5th Cir. 1983).

Under the Sixth Amendment, the constitutional ineffective assistance doctrine applies only on post-judgment review, *see generally Strickland v. Washington*, 466 U.S. 668 (1984), and our system of justice requires the Court to perform a neutral role in an adversary system in which a criminal defendant is entitled to representation by counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges brought by the government. The Supreme Court has explained that,

> [i]n our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. To the extent courts have approved departures from the party presentation principle in criminal cases, the justification has usually been to protect a *pro se* litigant's rights.

*Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008). And the Supreme Court has already warned that – when evaluating a post-judgment claim of ineffective assistance

of counsel – "[j]udicial scrutiny of counsel's performance must be highly deferential":

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689 (citations and internal quotation marks omitted). A court therefore "will not find ineffective assistance of counsel merely because [it] disagree[s] with counsel's trial strategy." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999).

The Supreme Court's warnings about hindsight review do not dictate that this Court has free rein, at a defendant's request in advance of trial, to closely examine and second-guess defense counsel's decisions. Accordingly, a defendant who has been appointed counsel is not entitled to ask the Court to examine defense counsel's conduct at the pretrial stage outside of inquiring into the kind of circumstances noted above – a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict that is so great that it results in a total lack of communication preventing an adequate defense.

Otherwise, the United States Constitution does not require that trial decisions – even, with certain exceptions, those affecting a defendant's constitutional rights –

must be made by the defendant personally rather than by his counsel. *See Rault v. La.*, 772 F.2d 117, 132 (5th Cir. 1985). As the Supreme Court reaffirmed in a decision issued this month, "[t]rial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence. Some decisions, however, are reserved for the client – notably, whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal." *McCoy v. La.*, 584 U. S. ____, ___ S. Ct. ____, 2018 WL 2186174, at *5 (2018) (internal quotation marks and citations omitted). "These are not strategic choices about how best to achieve a client's objectives; they are choices about what the client's objectives in fact are." *Id.* at *6 (emphasis omitted).

But, outside of these matter, defense "counsel has wide latitude in deciding how best to represent a client." *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003). In defense counsel's trial management role, "[n]umerous choices affecting conduct of the trial" do not require client consent, including "the objections to make, the witnesses to call, and the arguments to advance," and "[c]ounsel, in any case, must still develop a trial strategy and discuss it with her [or his] client." *McCoy*, 2018 WL 2186174, at *6 (citations omitted). And, in its seminal Sixth Amendment effective-assistance decision, the United States Supreme Court declined to establish a "particular set of detailed rules for counsel's conduct" because "[a]ny such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688-89.

## Analysis

At the May 17, 2018 hearing, Mr. McCarty explained to the Court that he believes that, while they are false, some of the allegations that Ms. Norman made in her pro se motion have created a genuine conflict of interest between him and Ms. Norman and have jeopardized his ability to represent her going forward. He asked that the Court grant Ms. Norman's motion.

The government's counsel noted that, in Case No. 3:15-cr-66-B, Ms. Norman was represented by a series of lawyers and seems to, at least in that case, have a history of running through counsel when she disagrees with their advice or strategy. But the government does not oppose substitution under the current circumstances, and the Court notes that Ms. Norman has been represented by Mr. McCarty since the beginning of this case almost a year ago and has not previously been appointed substitute counsel.

Under the circumstances, although Ms. Norman is not entitled to appointed counsel of her choice but rather only to appointed counsel capable of rendering competent, meaningful assistance, the Court finds that, at the least, Ms. Norman and Mr. McCarty's attorney-client relationship has broken down to such an extent that the Court, in its discretion, finds there is good cause to grant the request for substitute appointed counsel and that this case will not be unduly disrupted by the withdrawal of counsel – even considering the delay that this almost certainly will entail.

Accordingly, the Court ORDERS that D. Robin McCarty is granted leave to withdraw as counsel for Defendant Alexis C. Norman and is discharged from any

further responsibilities in this case.

The Court further finds that Defendant Alexis C. Norman is entitled to substitute appointed counsel to represent her in this case going forward and that appointment of counsel for Defendant Alexis C. Norman is in the interests of justice.

Accordingly, the Court appoints the following attorney, under 18 U.S.C. § 3006A, to represent Defendant Alexis C. Norman going forward:

> Mark L. Watson
> 5851 McCommas Blvd.
> Dallas, Texas 75206
> 214-912-8181
> mark@mwatson.com

The Clerk of the Court is directed to serve a copy of this order on Mr. Watson by email and first-class mail.

## Conclusion

For the reasons above and at the hearing, the Court GRANTS the Motion for Appointment of New Counsel [Dkt. No. 31].

SO ORDERED.

DATED: May 18, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE