UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0315-B-1 |
| | § | |
| ALEXIS C. NORMAN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Alexis C. Norman's motion for compassionate release (Doc. 83). For the reasons set forth below, the Court **DENIES** Norman's motion **WITHOUT PREJUDICE**.

I.

BACKGROUND

Norman initially pleaded guilty to healthcare fraud and aiding and abetting, and was sentenced to 105 months of imprisonment in April 2016. *See* J. at 1, *United States v. Norman*, No. 3:15-CR-066-B (N.D. Tex. Apr. 12, 2016), ECF No. 66. While on pretrial release, Norman was indicted and charged with additional fraud-related offenses. *See generally* Doc. 1, Superseding Indictment. She subsequently pleaded guilty the following counts: (1) conspiracy to commit healthcare fraud, (2) healthcare fraud, aiding and abetting, and committing an offense while on release; (3) healthcare fraud, aiding and abetting, and committing an offense while on release; (4) healthcare fraud, aiding and abetting, and committing an offense while on release; and (5) healthcare fraud and aiding and abetting. Doc. 72, J., 1.

On May 16, 2019, the Court sentenced her to 360 months of imprisonment to "run concurrently with [her] undischarged term of imprisonment" in Norman's prior case. *Id.* at 2. Specifically, her sentence "consists of 120 months as to each of Counts 1 and 5, to run consecutively with each other, and 120 months as to each of Counts 2, 3, and 4, to run concurrently with each other, and consecutively to both Counts 1 and 5[.]" *Id.*

Norman is currently fifty years old and is confined at Carswell Federal Medical Center (FMC) with a statutory release date of June 22, 2044.[1] As of August 4, 2021, Carswell FMC reports zero active and 645 recovered cases of COVID-19 among its inmates.[2] Norman filed a motion for compassionate release (Doc. 83) on July 16, 2021. In her motion, she asks the Court to modify her sentence such that each 120-month term runs concurrently. Doc. 84, Def.'s Br., 2. The Court reviews Norman's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed August 4, 2021).

[2] The Court derives this information from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed August 4, 2021).

*United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

As explained below, the Court denies Norman's request for compassionate release because Norman has not demonstrated extraordinary and compelling reasons for a sentence modification and because the § 3553(a) factors weigh against her request.

A.    *Norman Exhausted Her Administrative Remedies.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

Here, the Court finds that Norman satisfied the exhaustion requirement. In support of her motion, Norman provides a copy of her administrative appeal, dated April 5, 2021, requesting compassionate release, and the BOP's response, dated June 4, 2021, denying her request. Doc. 84-2, Def.'s Ex., 6–8. The response shows that more than thirty days have lapsed between the warden's receipt of Norman's request and the filing of her motion. *See id.* Thus, Norman satisfied the exhaustion requirement under § 3582. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

(N.D. Tex. Aug. 7, 2020). Having determined that Norman satisfied the exhaustion requirement, the Court turns to the merits of her compassionate-release motion.

B.      *Norman Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Though Norman exhausted her administrative remedies, she has not shown "extraordinary and compelling reasons" justifying her proposed sentence modification. *See* § 3582(c)(1)(A)(i). Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, the Fifth Circuit has held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

(citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of whether an inmate has shown an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in evaluating a prisoner's motion in light of *Shkambi*'s holding). In its discretion, the Court concludes that Norman has not demonstrated "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A).

As a preliminary matter, the Court notes that to the extent Norman raises concerns about the conditions at Carswell FMC and the facility's alleged failure "to take measures to prevent the spread of the virus and protect inmates," Doc. 84, Def.'s Br., 14, those concerns do not give rise to extraordinary and compelling reasons for her proposed sentence modification. The Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at various federal prisons. But the facility's statistics—645 recovered cases and zero active cases of COVID-19—suggest the decline of a severe outbreak rather than a rise in COVID-19 cases. Further, generalized concerns about the spread of COVID-19 at Norman's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at a given facility. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19,

2020). Moreover, insofar as Norman complains of "[u]nconstitutional [c]onditions of [c]onfinement," Doc. 84, Def.'s Br., 15, a motion for compassionate release is not the proper vehicle to challenge those conditions. *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) ("[A] civil rights suit ... is 'the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'" (quoting *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997))). Thus, to the extent Norman wishes to redress issues related to her conditions of confinement, she may do so via a civil suit alleging unconstitutional conditions.

Regarding Norman's individual circumstances, Norman asserts that her proposed sentence modification is warranted because she "has been diagnosed with many conditions that are listed by the [Center for Disease Control] as risk factors for severe illness or death from COVID-19[.]" Doc. 84, Def.'s Br., 9. These "high risk underlying conditions or 'comorbidities,'" Norman argues, "make[] her uniquely and perhaps singularly vulnerable to experiencing the most serious effects of the virus." *Id.* Specifically, Norman points to her age, "severe obesity, respiratory disorder, arthritis, allergic rhinitis, chronic sinusitis, use of corticosteroid (prednisone), . . . sickle cell trait, and mental health diagnosis." *Id.* She also claims she tested positive for COVID-19 in July 2020 and is still experiencing "ongoing symptoms" from her infection. *Id.* at 17, 22. Although Norman provides medical records substantiating many of her alleged medical conditions, *see generally* Doc. 84-8, Def.'s Ex., she has not demonstrated extraordinary and compelling reasons for a sentence modification.

To start, Norman's conditions do not, by themselves, constitute extraordinary and compelling reasons for granting her request. As explained above, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements[.]" *Delgado*, 2020 WL 2542624, at *3. Thus, this Court generally requires evidence beyond mere diagnoses demonstrating

that medical conditions warrant a particular inmate's release. *See, e.g., id.* (organ transplants); *United States v. Long*, 2021 WL 949757, at *2 (N.D. Tex. Mar. 12, 2021) ("chronic obstructive lung disease, asthma, obstructive sleep apnea, benign hypertension, allergic rhinitis, obesity, arthropathy, and hepatitis C"); *United States v. Isidaehomen*, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021) ("type II diabetes mellitus, hypertension, shortness of breath, thyroid disorder, anemia, unspecified hemorrhoids, pain in unspecified joint, acute sinusitis, allergic rhinitis, hypermetropia, unspecified glaucoma, unspecified polyneuropathy, and anxiety" (alterations incorporated)). To base compassionate release on an inmate's diagnoses, alone, would amount to a disfavored "blanket pronouncement[.]" *See Delgado*, 2020 WL 2542624, at *3.

Thus, the Court looks beyond the mere diagnoses. As discussed, the Court exercises its discretion to determine whether a prisoner's motion demonstrates extraordinary and compelling reasons for a sentence modification, but is "guided in [its] analysis by the commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558. And indeed, the commentary describes situations where compassionate release may be appropriate. For example, a medical condition of the defendant may warrant release where "[t]he defendant is suffering from a terminal illness" or "a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover " § 1B1.13(1)(A) cmt. n.1(A). While not binding, this commentary is informative as to when circumstances rise to the level of extraordinary and compelling. Thus, while the Court does not require the exact scenarios described in the commentary to § 1B1.13, the Court does require an "extraordinary and compelling" circumstance to involve a comparable degree of necessity and urgency to grant a defendant's request.

Here, Norman has not shown that her conditions involve necessity and urgency such that her requested sentence modification is warranted. In reviewing Norman's request, the Court considers not only Norman's diagnoses, but also the severity of her medical conditions and her ability to manage her health while incarcerated. *See Isidaehomen*, 2021 WL 243458, at *3. Though the Court does not discount the discomfort Norman endures as a result of her conditions, Norman has not demonstrated that her conditions warrant her request for a modified sentence. *See* Doc. 84, Def.'s Br., 9. Indeed, Norman has not shown that her treatment at Carswell FMC is inadequate or that she is otherwise diminished in her ability to provide self-care. *See generally id.* To the contrary, her extensive medical records show that Norman regularly receives medication, treatment, and attention to manage her conditions. *See generally* Doc. 84-8, Def.'s Ex. In addition, while Norman complains of "ongoing symptoms" resulting from her contracting of the virus, she does not provide evidence of these symptoms or explanation as to why they are sufficiently severe as to warrant a sentence modification. Doc. 84, Def.'s Br., 22.

And while Norman's medical conditions may make her more susceptible to a severe illness should she contract COVID-19, this does not constitute an extraordinary and compelling reason warranting her proposed sentence modification. Norman explains that, like all inmates at Carswell FMC, she was offered the Pfizer COVID-19 vaccine. *Id.* at 27. Norman refused the vaccine and, without providing evidence, alleges she "is not able to take the vaccine" because of her "history of having adverse reactions to vaccines." *Id.* But as this Court and other federal courts have found, a defendant "cannot refuse the vaccine to prevent against COVID-19 on the one hand and then argue for compassionate release because [s]he faces an increased risk of severe illness or death should [s]he contract COVID-19 on the other hand." *United States v. Pruitt*, 2021 WL 1222155, at *3 (N.D. Tex.

-8-

Apr. 1, 2021); *see also, e.g.*, Order at 5, *United States v. Walker*, No. 3:15-CR-170-N (N.D. Tex. Feb.

9, 2021), ECF No. 154 ("Like many other federal courts, this Court is not inclined to find compelling

circumstances for reducing [the defendant]'s sentence based on COVID-19 concerns when he has

declined to take available precautions against infection."); *United States v. Lohmeier*, 2021 WL

365773 at *2 (N.D. Ill. Feb. 3, 2021) ("In declining vaccination . . . [the defendant] declined the

opportunity to reduce his risk [of] exposure to COVID-19 dramatically; he cannot reasonably expect

that prolonging his risk by declining vaccination will be rewarded with a sentence reduction.");

*United States v. McBride*, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) ("Defendant's refusal to

take preventative measures undermines his assertion that extraordinary and compelling reasons exist

to warrant his release from prison."); *United States v. Williams*, 2021 WL 321904, at *3 (D. Ariz. Feb.

1, 2021) ("Defendant's own behavior [in refusing vaccination] is inconsistent with his position that

he believes he is at increased risk from the virus.").

Overall, there is nothing before the Court indicating that Norman's circumstances rise to the

level of extraordinary and compelling. In the Court's discretion, the Court **DENIES** Norman's

motion **WITHOUT PREJUDICE.**

C.      *The § 3553(a) Factors Weigh Against Release.*

Finally, even if Norman demonstrated extraordinary and compelling reasons warranting a

sentence modification, the Court must consider the sentencing factors set forth in § 3553 to the

extent they are applicable. § 3582(c)(1)(A). Section 3553 requires the Court to consider, among

other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for

the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). The Court is not

persuaded that these factors support Norman's request.

While on pretrial release following her conviction for healthcare fraud and aiding and abetting, Norman pleaded guilty to additional fraud-related offenses. Doc. 72, J., 1. In Norman's case, the Court found 360 months of imprisonment appropriate to serve the goals of § 3553(a). *Id.* And with a statutory release date of June 22, 2044, a significant portion—274 months—of Norman's sentence remains to be served. In this case, Norman's request for a sentence modification would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also Thompson*, 984 F.3d at 434 (noting that compassionate release is generally granted only "for defendants who had already served the lion's share of their sentences"). The § 3553(a) factors thus weigh against Norman's request. This is an independent justification for denying her motion.

## IV.

## CONCLUSION

Norman's request for compassionate release fails because she has not demonstrated extraordinary and compelling reasons for compassionate release, and the § 3553(a) factors weigh against her request. For these reasons, the Court **DENIES** Norman's motion (Doc. 83) **WITHOUT PREJUDICE**.

By denying Norman's motion without prejudice, the Court permits Norman to file a subsequent motion for compassionate release in the event she demonstrates a change in circumstances rising to the level of extraordinary and compelling, satisfies the exhaustion requirement with respect to those circumstances, and shows that the § 3553(a) factors support her request.

SO ORDERED.

SIGNED: August 4, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE